IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| LARRY AND EDRIS GREEN | § § | CASE NO. 12-38016 |
| DEBTORS | § § § | |
| LARRY AND EDRIS GREEN | § § | |
| PLAINTIFFS | § § | |
| v. | § § § | ADVERSARY NO. 18-03351 |
| OCWEN LOAN SERVICING, LLC DEFENDANT | § § § § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**

Pursuant to Rule 7026 of the Federal Rules of Bankruptcy Procedure, which incorporates Federal Rule of Civil Procedure 26(f)), and this Court's Order (Docket No. 2), the parties conferred and submit this Joint Discovery/Case Management Plan as follows:

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    **A video conference via Facetime was held on December 31, 2018, at 4:37 pm between the following:**

    **Counsel for Plaintiff:**
    Miriam Goott
    SBN 24048846
    P.O. Box 61301
    Houston, Texas 77208
    Phone: 713.956.5577
    Fax: 713.956.5570
    mgoott@walkerandpatterson.com

1

>    **Counsel for Defendant:**
>    Charles R. Curran
>    ccurran@settlepou.com
>    Texas Bar I.D. 24076334
>    Southern District No. 1241722
>    SettlePou
>    3333 Lee Parkway, Eighth Floor
>    Dallas, Texas 75219
>    (214) 520-3300 Phone
>    (214) 526-4145 Fax

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

   **In re Green – Case No. 12-38016, Bankruptcy Court for the Southern District of Texas**

3. Specify the allegation of federal jurisdiction.

   **The parties agree that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, and that this matter is a core proceeding pursuant to 28 U.S.C § 157(b)(2)(A) , that venue is proper pursuant to 28 U.S.C. § 1409(a).**

4. Future Discovery Disputes

   **The parties discussed how they will address potential discovery disputes in the future. The parties have agreed that before either party files an emergency motion for a discovery conference, each party will first email opposing counsel a detailed explanation of the discovery dispute, specifying each discovery request and why the response or objection is insufficient, and give opposing counsel seven days to seek to resolve the dispute without Court intervention.**

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   **None at this time.**

6. List anticipated interventions.

   **None anticipated at this time.**

7. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Plaintiffs made their Initial Disclosures on December 27, 2018.**

   **Defendant will make its Initial Disclosures on or before January 10, 2019.**

8. Describe the proposed agreed discovery plan, including:

   A. Subjects on Which Discovery May Be Needed:

      a. **At this time the Plaintiffs will seek discovery related to the servicing of their home mortgage loan, during and after the completion of their chapter 13 bankruptcy. Plaintiffs will also seek discovery related to the Defendant's compliance with nationwide bankruptcy court orders for the last five years, including transcripts related to servicing loans in bankruptcy. In addition, the Plaintiffs will seek information related to the Defendants' computer system/software used to service loans in bankruptcy.**

      b. **The Defendant will seek discovery related to Plaintiffs' allegations and causes of actions asserted in Plaintiffs' Amended Complaint (Docket No. 6), Plaintiffs' claimed damages, and discovery from any of Plaintiffs' designated expert.**

   B. Disclosure, Discovery, or Preservation of Electronically Stored Information

      a. **The parties agree to exchange documents in in PDF format.**

   C. Responses to all the matters raised in Rule 26(f).

      a. **The Parties have discussed the required Conference Content matters and have a proposed Discovery Plan under which discovery would be completed by October 1, 2019. All discovery requests would need to be served so that the response is due by this deadline.**

      **b. Any Motion for summary judgment shall be filed on or before December 3, 2019.**

      **c. The party with the burden of proof on a particular issue for which expert testimony may be offered shall designate its expert and provide a report by 5:00 PM on April 5, 2019. The responding party shall designate its expert(s) and provide a report by 5:00 PM on May 7, 2019.**

      **d. The parties shall file a Joint Pretrial Statement by January 27, 2020.**

9. If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

   **None.**

10. Specify the discovery beyond initial disclosures that has been undertaken to date.

    **None.**

11. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The parties discussed the potential for settlement of this matter.**

12. From attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **The parties are both amenable to mediation, but were unable to determine a date by which the mediation must take place.**

13. Specify the number of hours it will take to present the evidence in this case.

    **Plaintiffs assert that it will take approximately 8 hours to present the evidence in this case.**

    **Defendant asserts that it will take approximately 8 hours to present evidence in this case.**

14. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    **None.**
15. List other motions pending.

      **None at this time.**

16.    Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

**PLAINTIFFS' CONTENTIONS:**

**The Plaintiffs believe that there are three areas of discovery that deserve the special attention of the court at the conference.**

**1) Plaintiffs seek a copy of all transcripts (deposition, hearing, or witness statements) that were specifically referenced in the complaint filed by the Consumer Financial Protection Bureau ("CFPB") on April 20, 2017, against Ocwen Loan Servicing, Inc. in Case No. 9:17 CV-80495 in the Southern District of Florida, West Palm Beach Division (the "Complaint").  The CFPB specifically referenced in the Complaint that in June, 2016, Ocwen's Head of Bankruptcy testified, "that more than 22,000 borrowers in bankruptcy were impacted by Ocwen's failure to conduct a timely escrow analysis and that Ocwen is currently attempting to remediate these borrowers."**

**A copy of the CFPB Complaint, Docket sheet, and contact information for Ocwen's counsel in the CFPB litigation has been provided to Mr. Curran, Ocwen's counsel in this adversary proceeding.**

**2) The Plaintiffs also request that the Defendant identifies (by case number/district) all bankruptcy cases, within the last three years, where the Defendant was sanctioned for failing to comply with a bankruptcy court order.**

**3) The Plaintiffs request that the Defendant identifies (by case number/district) all cases, within the last three years, where the Defendant was sued by a chapter 13 debtor in bankruptcy court for failing to comply with a bankruptcy court order.**

**DEFENDANT'S CONTENTIONS:**

**Defendant contends that such issues are better and more appropriately addressed after formal discovery requests are received and Defendant has the time allowed by the Federal Rules of Bankruptcy Procedure 7032 to 7036 to determine the existence of any such documents or information and make any appropriate, specific objections to the discovery.  To address them now would deprive Defendant of the time allowed by the Federal Rules of Bankruptcy and Civil Procedure to respond to such requests and further deprives Defendant of its rule-imposed opportunity to make the all of its appropriate, specific objections allowed under the rules.**