Deborah M. Perry
Texas Bar No. 24002755
Julian P. Vasek
Texas Bar No. 24070790
MUNSCH HARDT KOPF & HARR, P.C.
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone:  (214) 855-7500
Facsimile:  (214) 855-7584
E-mail: dperry@munsch.com
E-mail: jvasek@munsch.com

ATTORNEYS FOR OCWEN LOAN SERVICING, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | |
| § | | |
| LARRY AND EDRIS GREEN, § | | Case No. 12-38016 |
| § | | |
| Debtors. § | | |
| § | | |
| LARRY AND EDRIS GREEN, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | Adv. No. 18-03351 |
| v. § | | |
| § | | |
| OCWEN LOAN SERVICING, LLC, § | | |
| § | | |
| Defendant. § | | |

### OCWEN LOAN SERVICING, LLC'S BRIEF CONCERNING DISCLOSURE
### OF CONSUMER FINANCIAL PROTECTION BUREAU TRANSCRIPTS

TO THE HONORABLE MARVIN ISGUR,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Ocwen Loan Servicing, LLC ("Ocwen") and files its *Brief Concerning Disclosure of Consumer Financial Protection Bureau Transcripts* (the "Brief"), in support of which Ocwen would respectfully show the Court as follows:

## I. PRELIMINARY STATEMENT

1. On January 9, 2019, the Court conducted a scheduling conference (the "Initial Scheduling Conference") in the above-referenced adversary proceeding (the "Adversary Proceeding"). At the Initial Scheduling Conference, the Court directed the parties to submit briefing on the issue of whether Ocwen may be compelled to turn over confidential transcripts that belong to the Consumer Financial Protection Bureau (the "CFPB"), copies of which are in Ocwen's possession.[1] This Brief sets forth Ocwen's position in response to the aforementioned question. This Brief does not address other objections Ocwen may have to the production of the Transcripts. The Plaintiffs have not served requests for production on Ocwen. If the Court determines that it can order turnover of the Transcripts without the CFPB's consent, or if the CFPB does consent to disclosure of the Transcripts, Ocwen specifically reserves the right to assert any and all other valid objections that are available to it, including, but not limited to, those applicable in connection with responding to requests for production under Fed. R. Civ. P. 34, made applicable by Fed. R. Bankr. P. 7034 and reserves the right to seek entry of a protective order.

## II. BACKGROUND

2. On January 1, 2019, Ocwen, along with Larry and Edris Green (the "Plaintiffs" or "Debtors"), filed their *Joint Discovery/Case Management Plan* (Dkt. No. 9, the "Discovery Plan"). The Discovery Plan contains the following statement by the Plaintiffs:

> Plaintiffs seek a copy of all transcripts (deposition, hearing, or witness statements) that were specifically referenced in the

---

[1] As an initial matter, Ocwen has challenged the constitutionality of the CFPB and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 (the "Act") in *Consumer Financial Protection Bureau v. Ocwen Financial Corp.; Ocwen Mortgage Servicing, Inc.; and Ocwen Loan Servicing, LLC*, Case No. 9:17-cv-80495-KAM, which is currently pending in the United States District Court for the Southern District of Florida, West Palm Beach Division. This Brief, which is being submitted at the Court's direction, discusses regulations promulgated under the Act. By submitting this Brief, Ocwen specifically reserves and does not waive any arguments that the CFPB, the Act, and any regulations implemented under the Act are unconstitutional.

complaint filed by the Consumer Financial Protection Bureau ("CFPB") on April 20, 2017, against Ocwen Loan Servicing, Inc. in Case No. 9:17 CV-80495 in the Southern District of Florida, West Palm Beach Division (the "Complaint").

3. The Complaint is 93 pages long. It does not contain the word "transcript." It does expressly refer to the "testimony" of five individuals or that such individuals "testified": (i) Ocwen's former Head of Compliance; (ii) Ocwen's former Head of Servicing Compliance; (iii) Ocwen's Head of Servicing Transfers; (iv) Ocwen's Head of Bankruptcy; and (v) Ocwen's Head of Loss Mitigation. This Brief addresses whether the transcripts of these individuals' testimony obtained in the course of investigative hearings (the "<u>Transcripts</u>") are discoverable. The Transcripts contain testimony given in connection with a CFPB investigation that preceded the filing of the Complaint.

4. It should be noted that testimony given in this investigative hearing was not subject to cross-examination, and objections were limited to attorney client privilege and attorney work product. 12 C.F.R. § 1080.9(b). The CFPB can refuse to allow any clarification of testimony during the investigative hearing. *Id.* Of further note, the CFPB does not even have to provide the witness with a copy of the transcript of their testimony.[2]

### III. <u>ARGUMENT AND AUTHORITIES</u>

5. The extent to which the Transcripts are discoverable is governed by title 12, chapter X, part 1070 of the Code of Federal Regulations, labeled "Disclosure of Records and Information." 12 C.F.R. § 1070.1 *et seq.* "This part contains the CFPB's rules relating to the disclosure of records and information generated by and obtained by the CFPB." 12 C.F.R. § 1070.1(b). There is little, if any, case law interpreting these regulations, so the Court must apply

---

[2] "The Bureau, however, may for good cause deny such a request and limit the witness to inspection of the official transcript of the testimony." 12 C.F.R. § 1080.9(a).

them according to their plain meaning. *See United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989) ("The plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"). This Brief cites analogous case law where applicable.

6.  The regulations generally prohibit third-party disclosure of "confidential information," and the Transcripts are "confidential information" within the meaning of the regulations. "Confidential information" includes "confidential investigative information" and "confidential supervisory information." 12 C.F.R. § 1070.2(f). "Confidential investigative information" is defined as follows:

> (1) Civil investigative demand material; and
>
> (2) Any documentary material prepared by, on behalf of, received by, or for the use by the CFPB or any other Federal or State agency in the conduct of an investigation of or enforcement action against a person, and any information derived from such documents.

12 C.F.R. § 1070.2(h). "Confidential supervisory information" includes:

> (i) Reports of examination, inspection and visitation, non-public operating, condition, and compliance reports, and any information contained in, derived from, or related to such reports; [and]
>
> (ii) Any documents, including reports of examination, prepared by, or on behalf of, or for the use of the CFPB or any other Federal, State, or foreign government agency in the exercise of supervisory authority over a financial institution, and any information derived from such documents ….

12 C.F.R. § 1070.2(i)(1)(i)-(ii).

7.  The Transcripts contain testimony given in connection with a CFPB investigation. Relying on the plain language of the regulations, Ocwen submits that the Transcripts are encompassed within the definition of both "confidential investigative information" and, because

Ocwen is a financial institution within the meaning of the regulations,[3] the definition of "confidential supervisory information." Both "confidential investigative information" and "confidential supervisory information" fall within the definition of "confidential information." The Transcripts are therefore "confidential information" within the meaning of the regulations.

8. Even if there were some ambiguity in those definitions, other related regulations make it clear that the Transcripts are confidential:

> Documentary materials, written reports, answers to questions, tangible things or transcripts of oral testimony the Bureau receives in any form or format pursuant to a civil investigative demand are subject to the requirements and procedures relating to the disclosure of records and information set forth in part 1070 of this title.

12 C.F.R. § 1080.14(a) (titled "Confidential treatment of demand material and non-public nature of investigations").

9. Subpart D of part 1070 is labeled "Confidential Information." Its general prohibition against third-party disclosure is clear and unequivocal:

> Except as required by law or as provided in this part, no current or former employee or contractor or consultant of the CFPB, *or any other person in possession of confidential information*, shall disclose such confidential information by any means (including written or oral communications) or in any format (including paper and electronic formats), to:
>
> (1) Any person who is not an employee, contractor, or consultant of the CFPB; or
>
> (2) Any CFPB employee, contractor, or consultant when the disclosure of such confidential information to that employee,

---

[3] "Financial institution means any person involved in the offering or provision of a 'financial product or service,' … as those terms are defined by 12 U.S.C. 5481." 12 C.F.R. § 1070.2(l). The definition of "financial product or service" includes "extending credit and servicing loans." 12 U.S.C. § 5481(15)(A)(i). Ocwen is in the business of servicing mortgage loans, so it provides a "financial product or service," which means that it is a "financial institution" within the meaning of the CFPB regulations. As discussed in Part I of this Brief, however, Ocwen does not concede that the CFPB, the Act, or the regulations enacted pursuant to the Act are constitutional.

> contractor, or consultant is not relevant to the performance of the employee's, contractor's, or consultant's assigned duties.

12 C.F.R. § 1070.41(a) (emphasis added).

10. The provisions of subpart D that provide for disclosure of confidential information almost exclusively contemplate disclosure by the CFPB, but not by third parties. *See*, *e.g.*, 12 C.F.R. § 1070.41(a) ("The CFPB may … disclose confidential supervisory information …."); 12 C.F.R. § 1070.43(a)(1) ("The CFPB shall … Disclose a draft …."); 12 C.F.R. § 1070.45(a) ("The CFPB may disclose confidential investigative information …."). Based on these unambiguous regulations, it appears clear-cut that the rule maker intended that only the CFPB may disclose confidential information.

11. The fact that the CFPB provided copies of the Transcripts to Ocwen previously upon Ocwen's request does not change the analysis because "[a]ll confidential information made available under [subpart D] shall remain the property of the CFPB, unless the General Counsel provides otherwise in writing." 12 C.F.R. § 1070.47(a)(1). "Except as set forth in this subpart, no supervised financial institution, Federal or State agency, any officer, director, employee or agent thereof, or any other person to whom the confidential information is made available under this subpart, may further disclose such confidential information without the prior written permission of the General Counsel." 12 C.F.R. § 1070.47(a)(2). The General Counsel has not authorized Ocwen to disclose the Transcripts to anyone.

12. Section 1070.47(a)(4) does not grant authority for courts to compel production of the CFPB's confidential information from third parties like Ocwen. Section 1070.47(a)(4) provides as follows:

> Nothing in [§ 1070.47] shall prevent a supervised financial institution, Federal or State agency, any officer, director, employee or agent thereof, or any other person to whom the information is made available under this subpart from complying with a legally

> valid and enforceable order of a court of competent jurisdiction compelling production of the CFPB's confidential information …. To the extent that compulsory disclosure of confidential information occurs as set forth in this paragraph, the producing party shall use its best efforts to ensure that the requestor secures an appropriate protective order or, if the requestor is a legislative body, use its best efforts to obtain the commitment or agreement of the legislative body that it will maintain the confidentiality of the confidential information.

12 C.F.R. § 1070.47(a)(4).  The foregoing provision does not affirmatively grant the Court authority to compel production.  On its face, it only potentially provides some cover for a supervised financial institution in the event of a ruling that contradicts other applicable regulations.

13. The provision is also limited to orders that are "legally valid and enforceable." "Courts have often recognized that government papers may be privileged because of their confidential nature." *NLRB v. Capitol Fish Co.*, 294 F.2d 868, 874 (5th Cir. 1961).  And "[a]n agency has a legitimate and tidy housekeeping objective in centralizing the determinations of when to assert and when not to assert a privilege." *Id.* at 875.  "That objective is fulfilled when permission is requested from the head of the agency or other proper party." *Id.*  The Supreme Court recognized the validity of this "housekeeping" function in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). [4]  *Davis v. Braswell Motor Freight Lines, Inc.*, 363 F.2d 600, 602 n.2 (5th Cir. 1973).  Therefore, "[a] party to an adversary proceeding in which the United States is not a party that seeks to obtain documents from a federal agency for use in that adversary proceeding must follow the so-called '*Touhy* regulations' applicable to that agency." *Grabis*, 2018 Bankr. LEXIS 3665 at *19 (citing *Touhy*, 340 U.S. 462).

---

[4] As another Court explained: "[i]n *Touhy*, the Supreme Court reversed a contempt order entered by a federal district court against an FBI agent who had defied a deposition subpoena in accordance with a Department of Justice regulation issued under the Federal Housekeeping Statute, 5 U.S.C. § 301, which authorizes agencies to adopt regulations regarding 'the conduct of [their] employees . . . and the custody, use, and preservation of [agency] records, papers, and property.'" *Grabis v. Navient Sols., LLC (In re Grabis)*, Adv. No. 15-01420-JLG, 2018 Bankr. LEXIS 3665, *19 n.15 (Bankr. S.D.N.Y. Nov. 20, 2018).

14. The agency involved in *Grabis* was the Department of Education. The *Touhy* regulations at issue provided that "[a] party seeking records in the custody of the DOE or information relating to those records must satisfy the regulations governing 'Demands for Testimony or Records in Legal Proceedings' set forth at 34 C.F.R. §§ 8.1-8.5." *Grabis*, 2018 Bankr. LEXIS 3665 at *19. "Briefly, those regulations provide that a demand for records must (1) be in writing, and (2) state the nature of the requested testimony or records, why the information sought is unavailable by any other means, and the reason why the release of the information would not be contrary to the interest of the Department or the United States." *Id.* at *19-20 (citing 34 C.F.R. § 8.3(a)).

15. The *Touhy* regulations at issue here, found in part under the similar heading "Procedure when testimony or production of documents is sought; general," are similar:

> If, as part of a proceeding in which the United States or the CFPB is not a party, official information is sought through a demand for testimony, CFPB records, or other material, the party seeking such information must (except as otherwise required by Federal law or authorized by the General Counsel) set forth in writing:
>
> (1) The title and forum of the proceeding, if applicable;
>
> (2) A detailed description of the nature and relevance of the official information sought;
>
> (3) A showing that other evidence reasonably suited to the requester's needs is not available from any other source; and
>
> (4) If testimony is requested, the intended use of the testimony, a general summary of the desired testimony, and a showing that no document could be provided and used in lieu of testimony.

12 C.F.R. § 1070.33(a).

16. The regulations contain extensive provisions governing "Disclosure of CFPB Information in Connection with Legal Proceedings." 12 C.F.R. §§ 1070.30 – 1070.37. In

addition to the general provision cited above, subpart C "sets forth the procedures to be followed with respect to subpoenas, court orders, or other requests or demands for any CFPB information, whether contained in the files of the CFPB or acquired by a CFPB employee as part of the performance of that employee's duties or by virtue of employee's official status." 12 C.F.R. § 1070.30(a). These provisions reflect an important policy of deference toward regulatory oversight and privileges, over which the Court should hesitate to tread. *See* 12 C.F.R. § 1070.35 (instructing CFPB personnel to decline to comply with court orders under certain circumstances, citing *Touhy*, 340 U.S. 462).

17.   Section 1070.47(a)(3) titled "Further disclosure prohibited," provides procedures that a supervised financial institution or other third party should follow when it has received a "legally enforceable demand or request for such confidential information (including but not limited to, a subpoena or discovery request…)." 12 C.F.R. § 1070.47. While Ocwen does not believe that the language in the Discovery Plan identifying that the Plaintiffs intend to seek discovery of the Transcripts rises to the level of a "legally enforceable demand or request," Ocwen is, concurrently with the filing of this Brief, providing notice to the General Counsel of the CFPB of such "request."[5]

18.   Comity therefore dictates that the appropriate course of action is for the parties to comply with the CFPB procedures. Allowing the Plaintiffs to obtain the CFPB's confidential information from Ocwen under extra-regulatory compulsion would sidestep important

---

[5] Section 1070.47(a)(3) provides that a supervised financial institution or other third party should: "(i) Inform the General Counsel of such request or demand in writing and provide the General Counsel with a copy of such request or demand as soon as practicable after receiving it; (ii) To the extent permitted by applicable law, advise the requester that: (A) The confidential information sought may not be disclosed insofar as it is the property of the CFPB; and (B) Any request for the disclosure of such confidential information is properly directed to the CFPB pursuant to its regulations set forth in this part; (iii) Consult with the General Counsel before complying with the request or demand, and to the extent applicable: (A) Give the CFPB a reasonable opportunity to respond to the demand or request; (B) Assert all reasonable and appropriate legal exemptions or privileges that the CFPB may request be asserted on its behalf; and (C) Consent to a motion by the CFPB to intervene in any action for the purpose of asserting and preserving any claims of confidentiality with respect to any confidential information." 12 C.F.R. § 1070.47(a)(3).

regulations that serve an important purpose. Ocwen therefore respectfully requests that the Court require the Plaintiffs to employ the regulations' carefully crafted mechanisms to seek production of the Transcripts from their owner, the CFPB.

## IV. RESERVATION OF RIGHTS

19. As set forth above, if the Court determines that it can order turnover of the Transcripts without the CFPB's consent or if the CFPB does consent to disclosure of the Transcripts, Ocwen specifically reserves the right to assert any and all other valid objections that are available to it, including, but not limited to, those applicable in connection with responding to requests for production under Fed. R. Civ. P. 34, made applicable by Fed. R. Bankr. P. 7034 and reserves the right to seek entry of a protective order.

## V. CONCLUSION

Based on the foregoing regulations and authorities, Ocwen should not be compelled to provide copies of the Transcripts to the Plaintiffs.

RESPECTFULLY SUBMITTED this 30th day of January, 2019.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ *Deborah M. Perry*

Deborah M. Perry
Texas Bar No. 24002755
Julian P. Vasek
Texas Bar No. 24070790
500 N. Akard St., Ste. 3800
Dallas, TX 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584
E-mail: dperry@munsch.com
E-mail: jvasek@munsch.com

**ATTORNEYS FOR OCWEN LOAN SERVICING, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon counsel for the Plaintiffs as indicated below:

**Via CM/ECF and E-mail Transmission**
Miriam Goott
Walker & Patterson, PC
PO Box 61301
Houston, TX 77208
713-956-5577
Fax : 713-956-5570
Email: mgoott@walkerandpatterson.com

                                                           By:  /s/  *Deborah M. Perry*
                                                               Deborah M. Perry