

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
02/27/2019

| | | |
|---|---|---|
| **IN RE:** | § | |
| **LARRY  GREEN,** *et al* | § | **CASE NO: 12-38016** |
| **Debtor(s)** | § | |
| | § | **CHAPTER  13** |
| | § | |
| **EDRIS  GREEN,** *et al* | § | |
| **Plaintiff(s)** | § | |
| | § | |
| **VS.** | § | **ADVERSARY NO. 18-3351** |
| | § | |
| **OCWEN LOAN SERVICIANG, LLC AS** | § | |
| **SERVICER FOR DEUTSCHE BANK** | § | |
| **NATIONAL TRUST COMPANY, AS** | § | |
| **TRUSTEE FOR MORGAN STANLEY ABS** | § | |
| **CAPITAL I INC. TRUST 2004-HE3,** | § | |
| **MORTGAGE PASS-THROUGH** | § | |
| **CERTIFICATES, SERIES 2004-HE3** | § | |
| **Defendant(s)** | § | |

## ORDER OVERRULING OBJECTION
## TO TURNOVER OF TRANSCRIPTS

The Court has reviewed the excellent briefs filed by the parties as to whether Ocwen should be compelled to turnover the transcripts from a hearing before the Consumer Financial Protection Bureau.  The Court concludes that the transcripts are not restricted from turnover for two, independent reasons:

- The CFBP has utilized the information reflected in the transcripts in a publicly filed lawsuit, taking the information out of the definition of "confidential information." *See* 12 C.F.R. § 1070.2(f).

- Even if the transcripts are deemed "confidential information," CFPB regulations do not preclude Ocwen from complying with the Court's Order compelling the turnover of the information if appropriate protective measures are put into place.  12 C.F.R. § 1070.47(a)(4); *see* paragraph 8 below.

The Court will respect the CFPB's request to give it an opportunity to contest this ruling.

The Court orders:

1.  The transcripts must be provided to the Plaintiffs, subject to the procedures in this Order.

2.  Not later than March 20, 2019, Ocwen may file an objection to the turnover of the transcripts on any ground other than CFPB confidentiality.

3.  Not later than March 26, 2019, the CFPB may object to the turnover of the transcripts.

4.  On April 9, 2019 at 3:00 p.m., the Court will consider any objection filed by the CFPB and any objections filed by Ocwen.   The status conference previously scheduled for 4:00 p.m. on April 9, 2019 is reset to 3:00 p.m. on April 9, 2019.

5.  Ocwen must have three copies of the transcripts available in Court on April 9, 2019.

6.  Except as set forth in paragraphs 2 and 5 of this Order, Ocwen's compliance with paragraph 1 of this Order is deferred pending the outcome of the April 9, 2019 hearing.

7.  Ocwen is ordered to immediately provide a copy of the transcripts to its own attorney in this adversary proceeding.

8.  If the Plaintiffs receive the transcripts, Plaintiffs may not quote from or refer to information contained solely in the transcripts except (i) in a sealed motion; or (ii) as authorized in advance by order of this Court.  This paragraph does not (x) preclude the use of information by the Plaintiffs that is obtained from any source other than the transcripts, including information that is obtained from a third party; or (y) restrict Plaintiffs from utilizing information gleaned from the transcripts to formulate discovery to Ocwen; or (z) restrict Plaintiffs from formulating discovery to third parties; provided, any third party discovery may not disclose the information from the transcripts.

SIGNED **February 27, 2019.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE